Argued and submitted March 1, supplemental judgments awarding attorney fees vacated and remanded, otherwise affirmed April 13, 2016

In the Matter of the Marriage of
T. W.-S.,
aka T. R. W., aka T. R. S.,
aka T. R. S.-W., aka T. W.,
*Petitioner-Appellant,*
*and*
Clifford SULLIVAN,
aka Clifford Benjamin Sullivan,
*Respondent-Respondent,*
*and*
C. M. S.;
A. T. S.; and M. D. S.,
*Respondents.*

Multnomah County Circuit Court
051070500; A155121

373 P3d 148

Philip F. Schuster, II, argued the cause and filed the briefs for appellant.

Bruce H. Orr argued the cause and filed the brief for respondent Clifford Sullivan.

Scott Leonard argued the cause and filed the brief for respondents C. M. S., A. T. S., and M. D. S.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

PER CURIAM

## PER CURIAM

Mother appeals three supplemental judgments, one relating to modification of parenting time and child support, another awarding costs and attorney fees to father, and the third awarding attorney fees to the children's court-appointed attorney. She raises three assignments of error. We reject without discussion mother's first and second assignments of error and write to address her third assignment, in which she challenges the supplemental judgments awarding attorney fees and costs. In each of those supplemental judgments, the court awarded fees, stating that mother had failed to file a timely opposition to the relevant request for fees. However, mother asserts, and father and the children concede, that mother did timely file and serve her objections to the requests for attorney fees. *See* ORCP 68 C(4)(b) ("A party may object to a statement seeking attorney fees or costs and disbursements or any part thereof by a written objection to the statement. The objection and supporting documents, if any, shall be served within 14 days after service on the objecting party of a copy of the statement."); *see also* ORCP 68 C(4)(f) ("If objections are not timely filed, the court may award attorney fees or costs and disbursements sought in the statement."). Accordingly, the supplemental judgments entered by the trial court were incorrect on the face of the judgments and the court should have considered mother's timely objections. For that reason, we vacate the supplemental judgments granting father and the children's attorney their fees and remand for the trial court to reconsider the fee requests in light of mother's objections.

Supplemental judgments awarding attorney fees vacated and remanded; otherwise affirmed.